FILED
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK   10 FEB 24  PM 4: 15
-------------------------------------------------------X

TINA BRIDGWOOD,

                Plaintiff,

    -against-

COUNTY OF NASSAU,
THE NASSAU COUNTY
DEPARTMENT OF CORRECTIONS,
AND NASSAU COUNTY CORRECTIONS
OFFICER MARK BARBER, SUED
INDIVIDUALLY AND IN HIS
OFFICIAL CAPACITY,

                Defendants.

-------------------------------------------------------X

**VERIFIED
COMPLAINT
AND DEMAND FOR
A JURY TRIAL**



CV 10 - 0830

FEUERSTEIN, J.

BOYLE. M.J

1.   This is an action for compensatory and punitive damages for violation of Plaintiff's civil rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States and for assault and battery, harassment, intentional infliction of emotional distress, negligence and negligent hiring and/or retention of incompetent, unqualified, unfit and assaultive employees, by reason of the unlawful acts of defendants.

<u>JURISDICTION</u>

2.   This action is brought pursuant to 42 U.S.C. § 1983.  Jurisdiction is founded upon 28 U.S.C. § 1343.  Plaintiff further invokes the pendent jurisdiction of this Court to hear and decide claims arising under state law pursuant to 28 U.S.C. § 1367.  Venue is proper in this district under 28 U.S.C. § 1391(b) in that all claims arose in this district.

<u>PARTIES</u>

3.   Plaintiff TINA BRIDGWOOD is a resident of Nassau County, State of New York.

4.   At all times hereinafter mentioned, the Defendant Nassau County Corrections officers

were employees of the County of Nassau ("Nassau") defendants and was acting within the scope and authority of their employment. They are sued individually and in their official capacities as Nassau County Corrections Officers.

5. At all times, the defendant Nassau County owned and maintained the Nassau County Corrections Department ("Corrections") and employed the individual defendants sued herein.

6. That upon information and belief Corrections was responsible for the training of its officers.

7. That at all times herein the defendant, Nassau, was negligent in the hiring, training, supervision, discipline, retention and promotion of the agents, servants and/or employees of the Corrections department.

8. That at all times mentioned herein the defendant, County of Nassau knew or should have known of the discriminatory nature, bad judgment, and unlawful propensities of the officers involved in the violation of civil rights and intentional infliction of emotional distress of the plaintiff.


FACTS

9. Beginning on or about November, 2006 through March, 2009, during plaintiff's various incarcerations at the Nassau County Correctional Center ("Jail"), located in East Elmhurst, New York, plaintiff was subjected to numerous acts of abusive behavior by defendant Barber, ("Barber") including but not limited to acts of harassment, assault, and improper sexual conduct, culminating on one occasion, in March, 2009, in an act of physical sexual contact, in which plaintiff was coerced to provide oral sex to defendant Barber in the vicinity of the jail's chapel.

10. During these periods of incarceration, plaintiff was often subjected to Barber's improper behavior, including, among other things, asking plaintiff to lift her shirt and show him her breasts, or had her masturbate in front of him.

11. In exchange for plaintiff's compliance with Barber's various requests, Barber

2

would reward her with various items, such as cigarettes or food.

12.    Plaintiff is aware that on a regular basis Barber would make similar requests to other female inmates that were housed at the jail.

13.    Plaintiff is certain that many other Corrections officers that supervised Barber and worked alongside Barber at the jail during this time period were aware of Barber's improper behavior, and yet unreasonably failed to intervene to prevent said occurrences from happening.

14.    Corrections failure to intervene to prevent the abusive behavior by Barber constituted a policy of deliberate indifference to the repeated violations of plaintiff's civil rights, including her right to be free of cruel and unusual punishment while incarcerated.

15.    As a result of these violations to plaintiff's civil rights, Plaintiff suffered various physical and psychological injuries.

16.    Defendant Nassau has pursued a policy and custom of deliberate indifference to the rights of persons in its domain, including the plaintiff, in its procedures for supervising and removing, when appropriate, unstable and violent  officers from their duties, including but not limited to the fact that the defendants knew or should have known of the individual Defendant's tendencies to commit the above-stated acts, but took no meaningful steps to correct or prevent the exercise of such tendencies.

17.    Defendant, among other deficiencies, failed to institute a bona fide procedure in which defendant investigated the unlawful acts of the individual defendants or properly investigated reports of his alleged misconduct.

18.    In summary, Defendants knew or should have known that such improper behavior was occurring, but chose to "turn a blind eye" to said actions.

CONDITIONS PRECEDENT

19.   On May 18, 2009, and again on May 26, Notices of Claim were served upon the Defendant Nassau County, setting forth:

      1.      The name and post office address of the Claimant and his attorney;

      2.      The nature of the claim;

      3.      The time when, the place where, and the manner in which the claim arose;

      4.      The items of damages and injuries sustained so far as practicable.

20.   The Notices of Claim were served upon the Defendants within 90 days after Plaintiffs' several state causes of action accrued.

21.   More than thirty days have elapsed since the Notices of Claims were served upon the County of Nassau.

22.   Nassau County and its Comptroller have failed, neglected and refused to pay, settle, compromise or adjust the claim of the Plaintiff herein.

23.   On November 6, 2009, the Plaintiff submitted to an inquiry concerning the justness of his claims as provided by § 50-H of the General Municipal Law.

24.   This action has been commenced within one year and ninety days after Plaintiff's various sate causes of action have accrued.

25.   Plaintiff has duly complied with all of the conditions precedent to the commencement of this cause of action.

AS AND FOR A FIRST CAUSE OF ACTION
FOR VIOLATION OF PLAINTIFF'S FEDERAL CIVIL RIGHTS

26. Plaintiff reiterates and realleges the facts stated in paragraphs 1-25 as if stated fully herein.

27.   As a result of their actions, Defendants, under "Color of law", deprived Plaintiff of her right to freedom from cruel and unusual punishment in violation of the Eighth Amendment to the Constitution of the United States and 42 U.S.C. § 1983.

28.   Defendants subjected plaintiff to these deprivations of her rights either maliciously or

4

by acting with a reckless disregard for whether Plaintiffs' rights would be violated by Barber's continuous improper actions as described above over a three year period.

29.    Defendant Nassau is responsible for Barber's improper and illegal behavior in that its policymakers and supervisory officials unreasonably failed to implement appropriate policies to prevent said occurrences and unreasonably failed to intervene to prevent Barber from committing such egregious behavior towards plaintiff and other female inmates.

30.    As a direct and proximate result of the acts of defendants, plaintiff suffered physical and psychological injuries, and endured great pain and mental suffering.

### AS AND FOR A SECOND CAUSE OF ACTION FOR ASSAULT AND BATTERY

31.    Plaintiff reiterates and realleges the facts stated in paragraphs 1-30 as if stated fully herein.

32.    In March, 2009, Barber physically assaulted and battered plaintiff by coercing her to engage in sexual conduct with him on one occasion.

33.    At the said time and place, Plaintiff, without any just cause or provocation was assaulted and intentionally injured by Barber, acting within the scope of his employment, "under color of law", and on behalf of Defendants Corrections and Nassau.

34.    By reason of said assault and battery, including an unlawful strip-search at the precinct, Plaintiff sustained serious, severe and permanent personal injuries as aforesaid for which all Defendants are liable.

35.    The aforesaid incident and resulting injuries to Plaintiff was caused without any fault of Plaintiff contributing thereto.

36.    As a result of the aforesaid occurrence, Plaintiff suffered the damages and injuries aforesaid.  All Defendants are liable for said damage and injuries.

AS AND FOR A THIRD CAUSE OF
ACTION FOR ACTS OF HARASSMENT

37.    Plaintiff reiterates and realleges the facts stated in paragraphs 1-36 as if stated fully herein.

38.    In March, 2009, Barber engaged in the harassment of plaintiff by importuning her to engage in improper sexual activities on numerous occasions.

39.    On these occasions Barber was acting within the scope of his employment, "under color of law", and on behalf of Defendants Corrections and Nassau.

40.    By reason of said acts of harassment, plaintiff sustained serious, severe and permanent personal injuries as aforesaid for which all Defendants are liable.

41.    The aforesaid incident and resulting injuries to Plaintiff was caused without any fault of Plaintiff contributing thereto.

42.    As a result of the aforesaid occurrence, Plaintiff suffered the damages and injuries aforesaid.  All Defendants are liable for said damage and injuries.


PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Court:

1. Enter a judgment that defendants, by their actions, violated plaintiffs' rights under State law, and violated plaintiffs' rights under the Eighth Amendment to the Constitution of the United States, 42 U.S.C. § 1983, and violated plaintiffs' rights under state law; and,

2. Enter a judgment, jointly and severally, against defendants for compensatory damages in the amount of Three Million ($3,000,000) Dollars; and,

3. Enter a judgment against Defendant Barber for punitive damages in the amount of One Million ($1,000,000.00) Dollars; and.

4. Enter an Order:

a) Awarding plaintiffs' reasonable attorney's fees and litigation expenses pursuant to 42 U.S.C. § 1988;

b) Granting such other and further relief which to the Court seems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated: New York, New York
      February 24, 2010

**RESPECTFULLY,**

**STEVEN A. HOFFNER, ESQ.**
Attorney for the Plaintiff
325 Broadway, Suite 505
New York, New York 10007
(212) 941-8330
(SH-0585)

<u>VERIFICATION</u>

**STEVEN A. HOFFNER,** an attorney admitted to practice in the Courts of the State of New York states:

That the affirmant is the attorney of record for the plaintiff in the within action.

That the affirmant has read the foregoing Complaint and knows the contents thereof.

That the same is true as to affirmant's knowledge, except as to matters therein alleged to be on information and belief, and as to those matters affirmant believes them to be true.

That the reason this verification is made by affirmant is because the plaintiff does not reside in the county wherein affirmant maintains his office.

That the grounds of my belief as to all matters not stated upon my own knowledge are as follows:

investigation, client conferences, and review of the file.

The undersigned affirms that the following statements are true, under the penalties of perjury.

Dated: New York, New York
      February 24, 2010

 

STEVEN A. HOFFNER, Esq.
(SH-0585)

8