# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X

TINA BRIDGWOOD,

        Plaintiff,

        -against-

COUNTY OF NASSAU, THE NASSAU
COUNTY DEPARTMENT OF CORRECTIONS,
AND NASSAU COUNTY CORRECTIONS
OFFICER MARK BARBER, SUED
INDIVIDUALLY AND IN HIS OFFICIAL
CAPACITY,

        Defendants.

------------------------------------------------------X

**AFFIRMATION IN
SUPPORT OF THE
ISSUANCE OF A STAY**

10-CV- 0830
(SJF)(ETB)

        **BERNADETTE K. FORD**, ESQ., an attorney duly licensed to practice law in the State of New York, admitted to practice in the United States District Court for the Eastern District of New York and an Assistant District Attorney, of counsel to the Honorable Kathleen M. Rice, District Attorney of the County of Nassau, affirms the following upon information and belief based upon the files of and the investigative work conducted by the Office of the Nassau District Attorney and The Nassau County Sheriff's Department in connection with this matter, and an examination of the relevant statutes and case law as set forth below. This Affirmation is submitted in support of a motion by counsel for Defendants Nassau County and the Nassau County Sheriff's Department (named above as the Nassau County Department of Corrections) seeking an order staying the civil litigation in this matter during the pendency of the related state criminal prosecution.

        This affirmation is submitted in support of the issuance of a stay of the civil proceedings in this case due to the potential that serious prejudice that would inure to the

pending criminal prosecution of Defendant Mark Barber and the public interest generally should this civil proceeding and its attendant discovery proceed at this time, as set forth below.

1. Defendant Mark Barber had for many years been employed as a Corrections Officer at the Nassau County Correctional Center (NCCC) and had in recent years functioned as a Grievance Officer and Fire Safety Officer there, and, in the course of his duties, had contact with numerous female inmates.

2. Defendant Mark Barber was arrested on December 30, 2009 and arraigned that day before Nassau District Court Judge Delligatti on a fifty-eight count felony complaint, a copy of which has been attached herewith (**EXHIBIT A**). Defendant Barber entered a plea of not guilty and on May 24, 2010 waived the case to the Grand Jury for their consideration.

3. In sum and substance, Defendant Barber was accused of engaging over a period of time with at least six female inmates at NCCC in conduct which was sexual in nature and which involved his giving of unwarranted privileges and contraband items to such women as encouragement or reward for such behavior, or their silence. The felony complaint alleged counts of Rape in the Third Degree, Sexual Abuse in the Second Degree, Forcible Touching, Receiving a Reward for Official Misconduct, Promoting Prison Contraband in the Second Degree, and Official Misconduct.

4. Over a four month period beginning in April 2010, the matters contained in this felony complaint, together with additional related charges, were presented to a Nassau County Grand Jury. On July 27, 2010, that Grand Jury took action on the matter as permitted by the New York State Criminal Procedure Law (CPL) 190.60, the nature of which cannot be disclosed at this time pursuant to CPL 190.25-4(a) absent a written court order, as the record of that Grand Jury action has not yet been filed with the appropriate court. If served with an order

from the United States District Court, the Nassau District Attorney's Office would disclose the nature of such action to the United States District Court, even if the record has not yet been filed with the appropriate court within the confines of Nassau County. In the ordinary course, that filing is expected to take place within approximately ten days from today.

5. Plaintiff Tina Bridgwood was interviewed by the Nassau District Attorney's Office both prior to the arrest of Defendant Mark Barber and prior to the Grand Jury action in the case. She was denominated as Confidential Witness #2. In very broad terms, the allegations made by Plaintiff Bridgwood in her First Amended Civil Complaint involve the same subject matter and same pattern of conduct that is the basis of this criminal investigation and prosecution. Greater specificity can be had once further disclosures are permitted by law (See Paragraph 4, *supra*).

6. As it is substantially the same alleged pattern of conduct that resulted in Defendant Barber's arrest and criminal prosecution and in the filing of this civil complaint, to proceed with civil discovery and litigation at this time would permit Defendant Barber to determine the nature and extent of the potential evidence against him in the criminal investigation and give him access to the identities of various additional witnesses and their possible testimony as well as an unredacted examination of all records of whatever kind, giving him the kind of advantages pointedly not given to the targets of criminal investigations at this stage of the prosecution under the New York State CPL.

> A stay of civil proceedings is most likely to be granted where the civil and criminal actions involve the same subject matter.

*Brock v. Tolkow*, 109 F.R.D. 116, at 119 and FN2 [E.D.N.Y. 1985]

7. The discovery provisions governing New York State criminal proceedings are enumerated in the New York State Criminal Procedure Law Article 240. Any disclosure of civil discovery materials at this point would clearly not be provided in consideration of and in full compliance with that statue and, even if not intended by Defendant Barber as a means to outmaneuver the criminal discovery provisions but merely as fortuitous coincidence for him, the interests of justice could be seriously undermined. Furthermore, civil discovery is not subject to the same protective orders and redactions which can be had in state criminal proceedings, particularly since the District Attorney is not a party to the civil proceeding and has differing interests to protect (such as witness safety) than would either the Plaintiff or the Defendants in the civil case. As noted by Judge Wexler in a decision staying a civil proceeding on a Defendant's motion pending the outcome of a related criminal investigation:

> At the outset, the Court notes that the decision of whether or not to stay this lawsuit pending the outcome of the grand jury proceeding does not depend solely on whether this Court finds some wrongful intent on the part of the plaintiff to circumvent the criminal discovery rules...Here...the facts critical to both proceedings are closely related and may be identical...While the Court acknowledges that in certain cases limited civil discovery might be allowed to proceed while a criminal investigation is ongoing, the Court concludes that even such limited discovery would be inappropriate in this case.

*Integrated Generics v. Bowen,* 678 F. Supp. 1004 at 1009 [E.D.N.Y. 1988]

8. There is a particular concern when a witness who is subjected to repeated questioning, be it in the form of interviews, depositions, grand jury testimony, pre-trial hearings and/or civil or criminal trials, is the victim of a sex crime.

The potential of such process, particularly when repeated, to cause secondary victimization has been raised in the past. Even though in this case, the Plaintiff has voluntarily and affirmatively filed this civil suit, should she reach the point prior to the conclusion of the criminal proceedings that she finds herself psychologically unavailable for further examination and cross-examination, it is not her interest as a witness in the criminal case which would suffer as much as the interest of the People of the State of New York on whose behalf the District Attorney brings the criminal case against Defendant Barber.

9. The public interest in the fair administration of criminal justice is clearly high. Civil discovery and litigation which precludes or significantly damages the ability of the District Attorney to prosecute an offender, if the evidence otherwise would have supported such a prosecution, would undermine public confidence in the entire court system, and the criminal justice system in particular. Especially when the criminal defendant was a public employee whose questioned acts directly concern that employment, the failure to prosecute such a target if there otherwise would have been sufficient supportive evidence and witness cooperation to do so, gives the public the impression that such a public servant enjoys a preference in the criminal justice system and can escape accountability in a way that the average citizen cannot. Judge Glasser confirmed that it is appropriate for the Court in considering the issuance of a stay in connection with a criminal investigation to look beyond the interests of the particular litigants in a civil matter:

5

After considering the particular circumstances of this case and the public interest involved, the court has decided to exercise its discretion to issue a stay ...until the later of the following two dates: (1) the date that the statute of limitations has run on every federal or state crime for which the Newtons could be indicted based on the alleged illegal conduct giving rise to the above-captioned forfeiture actions, or (2) the date that all proceedings are completed which arise from indictments which have already been filed or are filed subsequent to the date of this order against the Newtons based upon the alleged illegal conduct giving rise to the above-captioned forfeiture actions.

*U.S. v. Certain Real Property and Premises Known as 1344 Ridge Road, Laurel Hollow, Syosset, N.Y.*, 751 F. Supp. 1060 at 1062 and 1064 [E.D.N.Y. 1989]

WHEREFORE, based upon the foregoing, the People respectfully request that the court enter an Order granting the relief sought by Defendants Nassau County and the Nassau County Sheriff's Department (named as the Nassau County Department of Corrections) herein, as well as any other relief that the court deems appropriate.

DATED: Mineola, New York
      July 30, 2010

                KATHLEEN M. RICE
                District Attorney

                By: *Bernadette K. Ford*
                **Bernadette K. Ford**
                Assistant District Attorney
                Deputy Chief, Public Corruption Bureau
                Nassau District Attorney's Office
                272 Old Country Road
                Mineola, NY 11501
                (516) 571-2100

# EXHIBIT A

DISTRICT COURT OF NASSAU COUNTY
FIRST DISTRICT: CRIMINAL PART
-----------------------------------------------------------X
THE PEOPLE OF THE STATE OF NEW YORK

        - against -

MARK BARBER         DOB 5/5/1962
22 Piper Lane
Levittown, NY  11756

                Defendant.
-----------------------------------------------------------X

**FELONY COMPLAINT**
DOCKET NO. 2009NA033288


STATE OF NEW YORK   )
                :ss
COUNTY OF NASSAU   )

WILLIAM NAPOLITANO, being duly sworn, deposes and says that he is an Investigator in the Office of the District Attorney of the County of Nassau, and upon information and belief that:

## COUNT ONE

On or about and between September 1, 2007 and September 30, 2007, in the County of Nassau and elsewhere in the State of New York, the defendant, MARK BARBER, did violate Section 130.25(1) of the Penal Law of the State of New York, RAPE IN THE THIRD DEGREE, a class E Felony, in that the defendant engaged in sexual intercourse with another person who was incapable of consent by reason of some factor other than being less than seventeen years old, to wit: while employed as a Nassau County Corrections Officer assigned to the Nassau County Correctional Center (hereinafter NCCC), where the defendant knew a person known to the Office of the District Attorney (hereinafter Confidential Witness #1) to be committed, the defendant engaged in sexual intercourse with Confidential Witness #1, to whom he was not married.

## COUNT TWO

On or about and between October 1, 2007 and October 31, 2007, in the County of Nassau and elsewhere in the State of New York, the defendant, MARK BARBER, did violate Section 130.25(1) of the Penal Law of the State of New York, RAPE IN THE THIRD DEGREE, a class E Felony, in that the defendant engaged in sexual intercourse with another person who was incapable of consent by reason of some factor other than being less than seventeen years old, to wit: while employed as a Nassau County Corrections Officer assigned to NCCC, where the defendant knew Confidential Witness #1 to be committed, the defendant engaged in sexual intercourse with Confidential Witness #1, to whom he was not married.

## COUNT THREE

On or about January 7, 2009, in the County of Nassau and elsewhere in the State of New York, the defendant, MARK BARBER, did violate Section 130.25(1) of the Penal Law of the State of New York, RAPE IN THE THIRD DEGREE, a class E Felony, in that the defendant engaged in sexual intercourse with another person who was incapable of consent by reason of some factor other than being less than seventeen years old, to wit: while employed as a Nassau County Corrections Officer assigned to NCCC, where the defendant knew a person known to the Office of the District Attorney (hereinafter Confidential Witness #6) to be committed, the defendant engaged in sexual intercourse with Confidential Witness #6, to whom he was not married.

## COUNT FOUR

On or about and between September 1, 2007 and December 19, 2007, in the County of Nassau and elsewhere in the State of New York, the defendant, MARK BARBER, did violate Section 200.25 of the Penal Law of the State of New York, RECEIVING REWARD FOR OFFICIAL MISCONDUCT, a class E Felony, in that the defendant, a public servant, solicited, accepted, or agreed to accept any benefit from another person for having violated his duty as a public servant, to wit: while employed by the Nassau County Sheriff's Department, the defendant solicited various levels of intimate physical contact with Confidential Witness #1 for having violated his duty by providing Confidential Witness #1 contraband and violating various rules and procedures of the Nassau County Sheriff's Department for Confidential Witness #1's benefit.

## COUNT FIVE

On or about and between September 1, 2007 and December 19, 2007, in the County of Nassau and elsewhere in the State of New York, the defendant, MARK BARBER, did violate Section 130.60 of the Penal Law of the State of New York, SEXUAL ABUSE IN THE SECOND DEGREE, a class A Misdemeanor, in that the defendant subjected another person to sexual contact and such other person was incapable of consent by reason of some factor other than being less than seventeen years old, to wit: while employed as a Nassau County Corrections Officer assigned to NCCC, where the defendant knew Confidential Witness #1 to be committed, the defendant, for the purpose of gratifying his sexual desire, touched the intimate parts of Confidential Witness #1, to whom he was not married.

## COUNT SIX

On or about and between January 11, 2008 and July 7, 2008, in the County of Nassau and elsewhere in the State of New York, the defendant, MARK BARBER, did violate Section 130.60 of the Penal Law of the State of New York, SEXUAL ABUSE IN THE SECOND DEGREE, a class A Misdemeanor, in that the defendant subjected another person to sexual contact when such other person was incapable of consent by reason of some factor other than being less than seventeen years old, to wit: while employed as a Nassau County Corrections Officer assigned to NCCC, where the defendant knew a person known to the Office of the District Attorney (hereinafter Confidential Witness #3) to be committed, the defendant, for the purpose of gratifying his sexual desire, touched the intimate parts of Confidential Witness #3, to whom he was not married.

## COUNT SEVEN

On or about and between April 16, 2008 and May 27, 2008, in the County of Nassau and elsewhere in the State of New York, the defendant, MARK BARBER, did violate Section 130.60 of the Penal Law of the State of New York, SEXUAL ABUSE IN THE SECOND DEGREE, a class A Misdemeanor, in that the defendant subjected another person to sexual contact when such other person was incapable of consent by reason of some factor other than being less than seventeen years old, to wit: while employed as a Nassau County Corrections Officer assigned to NCCC, where the defendant knew a person known to the Office of the District Attorney (hereinafter Confidential Witness #4) to be committed, the defendant, for the purpose of gratifying his sexual desire, touched the intimate parts of Confidential Witness #4, to whom he was not married.

## COUNT EIGHT

On or about and between April 16, 2008 and May 27, 2008, in the County of Nassau and elsewhere in the State of New York, the defendant, MARK BARBER, did violate Section 130.60 of the Penal Law of the State of New York, SEXUAL ABUSE IN THE SECOND DEGREE, a class A Misdemeanor, in that the defendant subjected another person to sexual contact when such other person was incapable of consent by reason of some factor other than being less than seventeen years old, to wit: while employed as a Nassau County Corrections Officer assigned to NCCC, where the defendant knew Confidential Witness #4 to be committed, the defendant, for the purpose of gratifying his sexual desire, touched the intimate parts of Confidential Witness #4, to whom he was not married.

The subject matter of this Count being different than that contained in Count 7, above.

## COUNT NINE

On or about and between April 16, 2008 and May 27, 2008, in the County of Nassau and elsewhere in the State of New York, the defendant, MARK BARBER, did violate Section 130.60 of the Penal Law of the State of New York, SEXUAL ABUSE IN THE SECOND DEGREE, a class A Misdemeanor, in that the defendant subjected another person to sexual contact when such other person was incapable of consent by reason of some factor other than being less than seventeen years old, to wit: while employed as a Nassau County Corrections Officer assigned to NCCC, where the defendant knew Confidential Witness #4 to be committed, the defendant, for the purpose of gratifying his sexual desire, touched the intimate parts of Confidential Witness #4, to whom he was not married.

The subject matter of this Count being different than that contained in Counts 7 and 8, above.

## COUNT TEN

On or about and between April 16, 2008 and May 27, 2008, in the County of Nassau and elsewhere in the State of New York, the defendant, MARK BARBER, did violate Section 130.60 of the Penal Law of the State of New York, SEXUAL ABUSE IN THE SECOND DEGREE, a class A Misdemeanor, in that the defendant subjected another person to sexual contact when such other person was incapable of consent by reason of some factor other than being less than seventeen years old, to wit: while employed as a Nassau County Corrections Officer assigned to NCCC, where the defendant knew Confidential Witness #4 to be committed, the defendant, for the purpose of gratifying his sexual desire, touched the intimate parts of Confidential Witness #4, to whom he was not married.

The subject matter of this Count being different than that contained in Counts 7, 8 and 9, above.

## COUNT ELEVEN

On or about and between April 16, 2008 and May 27, 2008, in the County of Nassau and elsewhere in the State of New York, the defendant, MARK BARBER, did violate Section 130.60 of the Penal Law of the State of New York, SEXUAL ABUSE IN THE SECOND DEGREE, a class A Misdemeanor, in that the defendant subjected another person to sexual contact when such other person was incapable of consent by reason of some factor other than being less than seventeen years old, to wit: while employed as a Nassau County Corrections Officer assigned to NCCC, where the defendant knew Confidential Witness #4 to be committed, the defendant, for the purpose of gratifying his sexual desire, touched the intimate parts of Confidential Witness #4, to whom he was not married.

The subject matter of this Count being different than that contained in Counts 7, 8, 9 and 10, above.

## COUNT TWELVE

On or about and between April 16, 2008 and May 27, 2008, in the County of Nassau and elsewhere in the State of New York, the defendant, MARK BARBER, did violate Section 130.60 of the Penal Law of the State of New York, SEXUAL ABUSE IN THE SECOND DEGREE, a class A Misdemeanor, in that the defendant subjected another person to sexual contact when such other person was incapable of consent by reason of some factor other than being less than seventeen years old, to wit: while employed as a Nassau County Corrections Officer assigned to NCCC, where the defendant knew Confidential Witness #4 to be committed, the defendant, for the purpose of gratifying his sexual desire, touched the intimate parts of Confidential Witness #4, to whom he was not married.

The subject matter of this Count being different than that contained in Counts 7, 8, 9, 10 and 11, above.

## COUNT THIRTEEN

On or about and between April 16, 2008 and May 27, 2008, in the County of Nassau and elsewhere in the State of New York, the defendant, MARK BARBER, did violate Section 130.60 of the Penal Law of the State of New York, SEXUAL ABUSE IN THE SECOND DEGREE, a class A Misdemeanor, in that the defendant subjected another person to sexual contact when such other person was incapable of consent by reason of some factor other than being less than seventeen years old, to wit: while employed as a Nassau County Corrections Officer assigned to NCCC, where the defendant knew Confidential Witness #4 to be committed, the defendant, for the purpose of gratifying his sexual desire, met with Confidential Witness #4, to whom he was not married, whereupon she touched his intimate parts.

## COUNT FOURTEEN

On or about and between April 16, 2008 and May 27, 2008, in the County of Nassau and elsewhere in the State of New York, the defendant, MARK BARBER, did violate Section 130.60 of the Penal Law of the State of New York, SEXUAL ABUSE IN THE SECOND DEGREE, a class A Misdemeanor, in that the defendant subjected another person to sexual contact when such other person was incapable of consent by reason of some factor other than being less than seventeen years old, to wit: while employed as a Nassau County Corrections Officer assigned to NCCC, where the defendant knew Confidential Witness #4 to be committed, the defendant, for the purpose of gratifying his sexual desire, met with Confidential Witness #4, to whom he was not married, whereupon she touched his intimate parts.

The subject matter of this Count being different than that contained in Count 13, above.

## COUNT FIFTEEN

On or about and between September 1, 2007 and December 19, 2007, in the County of Nassau and elsewhere in the State of New York, the defendant, MARK BARBER, did violate Section 130.52 of the Penal Law of the State of New York, FORCIBLE TOUCHING, a class A Misdemeanor, in that the defendant intentionally, and for no legitimate purpose, forcibly touched the sexual or other intimate parts of another person for the purpose of degrading or abusing such person, or for the purpose of gratifying his sexual desire, to wit: the defendant, intentionally touched the sexual or intimate parts of Confidential Witness #1, for the purpose of gratifying his sexual desire.

## COUNT SIXTEEN

On or about and between January 11, 2008 and July 7, 2008, in the County of Nassau and elsewhere in the State of New York, the defendant, MARK BARBER, did violate Section 130.52 of the Penal Law of the State of New York, FORCIBLE TOUCHING, a class A Misdemeanor, in that the defendant intentionally, and for no legitimate purpose, forcibly touched the sexual or other intimate parts of another person for the purpose of degrading or abusing such person, or for the purpose of gratifying his sexual desire, to wit: the defendant, intentionally touched the sexual or intimate parts of Confidential Witness #3, for the purpose of gratifying his sexual desire.

## COUNT SEVENTEEN

On or about and between October 21, 2008 and March 23, 2009, in the County of Nassau and elsewhere in the State of New York, the defendant, MARK BARBER, did violate Section 130.52 of the Penal Law of the State of New York, FORCIBLE TOUCHING, a class A Misdemeanor, in that the defendant intentionally, and for no legitimate purpose, forcibly touched the sexual or other intimate parts of another person for the purpose of degrading or abusing such person, or for the purpose of gratifying his sexual desire, to wit: the defendant, intentionally touched the sexual or intimate parts of a person known to the Office of the District Attorney (hereinafter Confidential Witness #7), for the purpose of gratifying his sexual desire.

## COUNT EIGHTEEN

On or about and between August 16, 2007 and December 19, 2007, in the County of Nassau and elsewhere in the State of New York, the defendant, MARK BARBER, did violate Section 205.20 of the Penal Law of the State of New York, PROMOTING PRISON CONTRABAND IN THE SECOND DEGREE, a class A Misdemeanor, in that the defendant knowingly and unlawfully introduced any contraband into a detention facility, to wit: the defendant provided cigarettes and matches, things which a person confined in NCCC is prohibiting from obtaining or possessing by rule and regulation, to an inmate, namely: Confidential Witness #1.

## COUNT NINETEEN

On or about and between November 21, 2008 and February 27, 2009, in the County of Nassau and elsewhere in the State of New York, the defendant, MARK BARBER, did violate Section 205.20 of the Penal Law of the State of New York, PROMOTING PRISON CONTRABAND IN THE SECOND DEGREE, a class A Misdemeanor, in that the defendant knowingly and unlawfully introduced contraband into a detention facility, to wit: the defendant provided cigarettes and matches, things which a person confined in NCCC is prohibiting from obtaining or possessing by rule and regulation, to an inmate, namely: Confidential Witness #6.

## COUNT TWENTY

On or about and between April 16, 2008 and May 27, 2008, in the County of Nassau and elsewhere in the State of New York, the defendant, MARK BARBER, did violate Section 205.20 of the Penal Law of the State of New York, PROMOTING PRISON CONTRABAND IN THE SECOND DEGREE, a class A Misdemeanor, in that the defendant knowingly and unlawfully introduced contraband into a detention facility, to wit: the defendant provided cigarettes and matches, things which a person confined in NCCC is prohibiting from obtaining or possessing by rule and regulation, to an inmate, namely: Confidential Witness #4.

## COUNT TWENTY-ONE

On or about and between October 21, 2008 and March 23, 2009, in the County of Nassau and elsewhere in the State of New York, the defendant, MARK BARBER, did violate Section 205.20 of the Penal Law of the State of New York, PROMOTING PRISON CONTRABAND IN THE SECOND DEGREE, a class A Misdemeanor, in that the defendant knowingly and unlawfully introduced contraband into a detention facility, to wit: the defendant provided cigarettes and matches, things which a person confined in NCCC is prohibiting from obtaining or possessing by rule and regulation, to an inmate, namely: Confidential Witness #7.

## COUNT TWENTY-TWO

On or about and between January 11, 2008 and July 7, 2008, in the County of Nassau and elsewhere in the State of New York, the defendant, MARK BARBER, did violate Section 205.20 of the Penal Law of the State of New York, PROMOTING PRISON CONTRABAND IN THE SECOND DEGREE, a class A Misdemeanor, in that the defendant knowingly and unlawfully introduced contraband into a detention facility, to wit: the defendant provided cigarettes and matches, things which a person confined in NCCC is prohibiting from obtaining or possessing by rule and regulation, to an inmate, namely: Confidential Witness #3.

## COUNT TWENTY-THREE

On or about and between November 14, 2007 and February 3, 2008, in the County of Nassau and elsewhere in the State of New York, the defendant, MARK BARBER, did violate Section 205.20 of the Penal Law of the State of New York, PROMOTING PRISON CONTRABAND IN THE SECOND DEGREE, a class A Misdemeanor, in that the defendant knowingly and unlawfully introduced contraband into a detention facility, to wit: the defendant provided cigarettes and matches, things which a person confined in NCCC is prohibiting from obtaining or possessing by rule and regulation, to a person known to the Office of the District Attorney (hereinafter Confidential Witness #5), an inmate.

## COUNT TWENTY-FOUR

On or about and between August 16, 2007 and December 19, 2007, in the County of Nassau and elsewhere in the State of New York, the defendant, MARK BARBER, did violate Section 195.00(1) of the Penal Law of the State of New York, OFFICIAL MISCONDUCT, a class A Misdemeanor, in that the defendant, being a public servant, and with the intent to obtain a benefit, committed an act relating to his office but constituting an unauthorized exercise of his official functions, knowing that such act was unauthorized, to wit: the defendant used his position as a Grievance Officer to pursue a personal relationship with an inmate, namely Confidential Witness #1, in violation of the Nassau County Sheriff's Department policies and procedure for the purpose of gratifying his sexual desire.

## COUNT TWENTY-FIVE

On or about and between November 21, 2008 and February 27, 2009, in the County of Nassau and elsewhere in the State of New York, the defendant, MARK BARBER, did violate Section 195.00(1) of the Penal Law of the State of New York, OFFICIAL MISCONDUCT, a class A Misdemeanor, in that the defendant, being a public servant, and with the intent to obtain a benefit, committed an act relating to his office but constituting an unauthorized exercise of his official functions, knowing that such act was unauthorized, to wit: the defendant used his position as a Grievance Officer to pursue a personal relationship with an inmate, namely Confidential Witness #6, in violation of the Nassau County Sheriff's Department policies and procedure, for the purpose of gratifying his sexual desire.

## COUNT TWENTY-SIX

On or about and between April 16, 2008 and May 27, 2008, in the County of Nassau and elsewhere in the State of New York, the defendant, MARK BARBER, did violate Section 195.00(1) of the Penal Law of the State of New York, OFFICIAL MISCONDUCT, a class A Misdemeanor, in that the defendant, being a public servant, and with the intent to obtain a benefit, committed an act relating to his office but constituting an unauthorized exercise of his official functions, knowing that such act was unauthorized, to wit: the defendant used his position as a Grievance Officer to pursue a personal relationship with an inmate, namely Confidential Witness #4, in violation of the Nassau County Sheriff's Department policies and procedure, for the purpose of gratifying his sexual desire.

## COUNT TWENTY-SEVEN

On or about and between January 11, 2008 and July 7, 2008, in the County of Nassau and elsewhere in the State of New York, the defendant, MARK BARBER, did violate Section 195.00(1) of the Penal Law of the State of New York, OFFICIAL MISCONDUCT, a class A Misdemeanor, in that the defendant, being a public servant, and with the intent to obtain a benefit, committed an act relating to his office but constituting an unauthorized exercise of his official functions, knowing that such act was unauthorized, to wit: the defendant used his position as a Grievance Officer to pursue a personal relationship with an inmate, namely Confidential Witness #3, in violation of the Nassau County Sheriff's Department policies and procedure, for the purpose of gratifying his sexual desire.

## COUNT TWENTY-EIGHT

On or about and between October 21, 2008 and September 8, 2009, in the County of Nassau and elsewhere in the State of New York, the defendant, MARK BARBER, did violate Section 195.00(1) of the Penal Law of the State of New York, OFFICIAL MISCONDUCT, a class A Misdemeanor, in that the defendant, being a public servant, and with the intent to obtain a benefit, committed an act relating to his office but constituting an unauthorized exercise of his official functions, knowing that such act was unauthorized, to wit: the defendant used his position as a Grievance Officer to pursue a personal sexual relationship with an inmate, namely Confidential Witness #7, in violation of the Nassau County Sheriff's Department policies and procedure, in order to pursue a personal relationship with said inmate.

## COUNT TWENTY-NINE

On or about and between November 14, 2007 and February 3, 2008, in the County of Nassau and elsewhere in the State of New York, the defendant, MARK BARBER, did violate Section 195.00(1) of the Penal Law of the State of New York, OFFICIAL MISCONDUCT, a class A Misdemeanor, in that the defendant, being a public servant, and with the intent to obtain a benefit, committed an act relating to his office but constituting an unauthorized exercise of his official functions, knowing that such act was unauthorized, to wit: the defendant used his position as a Grievance Officer to pursue a personal relationship with an inmate, namely Confidential Witness #5, in violation of the Nassau County Sheriff's Department policies and procedure, for the purpose of gratifying his sexual desire.

## COUNT THIRTY

On or about and between September 1, 2007 and September 30, 2007, in the County of Nassau and elsewhere in the State of New York, the defendant, MARK BARBER, did violate Section 195.00(1) of the Penal Law of the State of New York, OFFICIAL MISCONDUCT, a class A Misdemeanor, in that the defendant, being a public servant, and with the intent to obtain a benefit, committed an act relating to his office but constituting an unauthorized exercise of his official functions, knowing that such act was unauthorized, to wit: the defendant, knowing he was not authorized to do so, used his

position as a Grievance Officer in the employ of the Nassau County Sheriff's Department to privately meet, and engage in sexual intercourse, with Confidential Witness #1, in violation of Nassau County Sheriff's Department written policies, for the purpose of gratifying his sexual desire.

## COUNT THIRTY-ONE

On or about and between October 1, 2007 and October 31, 2007, in the County of Nassau and elsewhere in the State of New York, the defendant, MARK BARBER, did violate Section 195.00(1) of the Penal Law of the State of New York, OFFICIAL MISCONDUCT, a class A Misdemeanor, in that the defendant, being a public servant, and with the intent to obtain a benefit, committed an act relating to his office but constituting an unauthorized exercise of his official functions, knowing that such act was unauthorized, to wit: the defendant, knowing he was not authorized to do so, used his position as a Grievance Officer in the employ of the Nassau County Sheriff's Department to privately meet, and engage in sexual intercourse, with Confidential Witness #1, in violation of Nassau County Sheriff's Department written policies, for the purpose of gratifying his sexual desire.

## COUNT THIRTY-TWO

On or about January 7, 2009, in the County of Nassau and elsewhere in the State of New York, the defendant, MARK BARBER, did violate Section 195.00(1) of the Penal Law of the State of New York, OFFICIAL MISCONDUCT, a class A Misdemeanor, in that the defendant, being a public servant, and with the intent to obtain a benefit, committed an act relating to his office but constituting an unauthorized exercise of his official functions, knowing that such act was unauthorized, to wit: the defendant, knowing he was not authorized to do so, used his position as a Grievance Officer in the employ of the Nassau County Sheriff's Department to privately meet, and engage in sexual intercourse, with Confidential Witness #6, in violation of Nassau County Sheriff's Department written policies, for the purpose of gratifying his sexual desire.

## COUNT THIRTY-THREE

On or about and between September 1, 2007 and December 19, 2007, in the County of Nassau and elsewhere in the State of New York, the defendant, MARK BARBER, did violate Section 195.00(1) of the Penal Law of the State of New York, OFFICIAL MISCONDUCT, a class A Misdemeanor, in that the defendant, being a public servant, and with the intent to obtain a benefit, committed an act relating to his office but constituting an unauthorized exercise of his official functions, knowing that such act was unauthorized, to wit: the defendant, knowing he was not authorized to do so, used his position as a Grievance Officer in the employ of the Nassau County Sheriff's Department to privately meet, and touch the intimate parts of, Confidential Witness #1, in violation of Nassau County Sheriff's Department written policies, for the purpose of gratifying his sexual desire.

## COUNT THIRTY-FOUR

On or about and between January 11, 2008 and July 7, 2008, in the County of Nassau and elsewhere in the State of New York, the defendant, MARK BARBER, did violate Section 195.00(1) of the Penal Law of the State of New York, OFFICIAL MISCONDUCT, a class A Misdemeanor, in that the defendant, being a public servant, and with the intent to obtain a benefit, committed an act relating to his office but constituting an unauthorized exercise of his official functions, knowing that such act was unauthorized, to wit: the defendant, knowing he was not authorized to do so, used his position as a Grievance Officer in the employ of the Nassau County Sheriff's Department to privately meet, and touch the intimate parts of, Confidential Witness #3, in violation of Nassau County Sheriff's Department written policies, for the purpose of gratifying his sexual desire.

## COUNT THIRTY-FIVE

On or about and between April 16, 2008 and May 27, 2008, in the County of Nassau and elsewhere in the State of New York, the defendant, MARK BARBER, did violate Section 195.00(1) of the Penal Law of the State of New York, OFFICIAL MISCONDUCT, a class A Misdemeanor, in that the defendant, being a public servant, and with the intent to obtain a benefit, committed an act relating to his office but constituting an unauthorized exercise of his official functions, knowing that such act was unauthorized, to wit: the defendant, knowing he was not authorized to do so, used his position as a Grievance Officer in the employ of the Nassau County Sheriff's Department to privately meet, and have Confidential Witness #4 touch his intimate parts, in violation of Nassau County Sheriff's Department written policies, for the purpose of gratifying his sexual desire.

## COUNT THIRTY-SIX

On or about and between April 16, 2008 and May 27, 2008, in the County of Nassau and elsewhere in the State of New York, the defendant, MARK BARBER, did violate Section 195.00(1) of the Penal Law of the State of New York, OFFICIAL MISCONDUCT, a class A Misdemeanor, in that the defendant, being a public servant, and with the intent to obtain a benefit, committed an act relating to his office but constituting an unauthorized exercise of his official functions, knowing that such act was unauthorized, to wit: the defendant, knowing he was not authorized to do so, used his position as a Grievance Officer in the employ of the Nassau County Sheriff's Department to privately meet, and have Confidential Witness #4 touch his intimate parts, in violation of Nassau County Sheriff's Department written policies, for the purpose of gratifying his sexual desire.

The subject matter of this Count being different than that contained in Count 35, above.

## COUNT THIRTY-SEVEN

On or about and between April 16, 2008 and May 27, 2008, in the County of Nassau and elsewhere in the State of New York, the defendant, MARK BARBER, did violate Section 195.00(1) of the Penal Law of the State of New York, OFFICIAL MISCONDUCT, a class A Misdemeanor, in that the defendant, being a public servant, and with the intent to obtain a benefit, committed an act relating to his office but constituting an unauthorized exercise of his official functions, knowing that such act was unauthorized, to wit: the defendant, knowing he was not authorized to do so, used his position as a Grievance Officer in the employ of the Nassau County Sheriff's Department to privately meet, and touch the intimate parts of, Confidential Witness #4, in violation of Nassau County Sheriff's Department written policies, for the purpose of gratifying his sexual desire.

The subject matter of this Count being different than that contained in Counts 35 and 36, above.

## COUNT THIRTY-EIGHT

On or about and between April 16, 2008 and May 27, 2008, in the County of Nassau and elsewhere in the State of New York, the defendant, MARK BARBER, did violate Section 195.00(1) of the Penal Law of the State of New York, OFFICIAL MISCONDUCT, a class A Misdemeanor, in that the defendant, being a public servant, and with the intent to obtain a benefit, committed an act relating to his office but constituting an unauthorized exercise of his official functions, knowing that such act was unauthorized, to wit: the defendant, knowing he was not authorized to do so, used his position as a Grievance Officer in the employ of the Nassau County Sheriff's Department to privately meet, and touch the intimate parts of, Confidential Witness #4, in violation of Nassau County Sheriff's Department written policies, for the purpose of gratifying his sexual desire.

The subject matter of this Count being different than that contained in Counts 35, 36 and 37, above.

## COUNT THIRTY-NINE

On or about and between April 16, 2008 and May 27, 2008, in the County of Nassau and elsewhere in the State of New York, the defendant, MARK BARBER, did violate Section 195.00(1) of the Penal Law of the State of New York, OFFICIAL MISCONDUCT, a class A Misdemeanor, in that the defendant, being a public servant, and with the intent to obtain a benefit, committed an act relating to his office but constituting an unauthorized exercise of his official functions, knowing that such act was unauthorized, to wit: the defendant, knowing he was not authorized to do so, used his position as a Grievance Officer in the employ of the Nassau County Sheriff's Department to privately meet, and touch the intimate parts of, Confidential Witness #4, in violation of Nassau County Sheriff's Department written policies, for the purpose of gratifying his sexual desire.

The subject matter of this Count being different than that contained in Counts 35, 36, 37 and 38, above.

## COUNT FORTY

On or about and between April 16, 2008 and May 27, 2008, in the County of Nassau and elsewhere in the State of New York, the defendant, MARK BARBER, did violate Section 195.00(1) of the Penal Law of the State of New York, OFFICIAL MISCONDUCT, a class A Misdemeanor, in that the defendant, being a public servant, and with the intent to obtain a benefit, committed an act relating to his office but constituting an unauthorized exercise of his official functions, knowing that such act was unauthorized, to wit: the defendant, knowing he was not authorized to do so, used his position as a Grievance Officer in the employ of the Nassau County Sheriff's Department to privately meet, and touch the intimate parts of, Confidential Witness #4, in violation of Nassau County Sheriff's Department written policies, for the purpose of gratifying his sexual desire.

The subject matter of this Count being different than that contained in Counts 35, 36, 37, 38, 39, above.

## COUNT FORTY-ONE

On or about and between April 16, 2008 and May 27, 2008, in the County of Nassau and elsewhere in the State of New York, the defendant, MARK BARBER, did violate Section 195.00(1) of the Penal Law of the State of New York, OFFICIAL MISCONDUCT, a class A Misdemeanor, in that the defendant, being a public servant, and with the intent to obtain a benefit, committed an act relating to his office but constituting an unauthorized exercise of his official functions, knowing that such act was unauthorized, to wit: the defendant, knowing he was not authorized to do so, used his position as a Grievance Officer in the employ of the Nassau County Sheriff's Department to privately meet Confidential Witness #4, in order for her to touch his intimate parts, in violation of Nassau County Sheriff's Department written policies, for the purpose of gratifying his sexual desire.

## COUNT FORTY-TWO

On or about and between April 16, 2008 and May 27, 2008, in the County of Nassau and elsewhere in the State of New York, the defendant, MARK BARBER, did violate Section 195.00(1) of the Penal Law of the State of New York, OFFICIAL MISCONDUCT, a class A Misdemeanor, in that the defendant, being a public servant, and with the intent to obtain a benefit, committed an act relating to his office but constituting an unauthorized exercise of his official functions, knowing that such act was unauthorized, to wit: the defendant, knowing he was not authorized to do so, used his position as a Grievance Officer in the employ of the Nassau County Sheriff's Department to privately meet Confidential Witness #4, in order for her to touch his intimate parts, in violation of Nassau County Sheriff's Department written policies, for the purpose of gratifying his sexual desire.

The subject matter of this Count being different than that contained in Count 41, above.

## COUNT FORTY-THREE

On or about and between September 1, 2007 and December 19, 2007, in the County of Nassau and elsewhere in the State of New York, the defendant, MARK BARBER, did violate Section 195.00(1) of the Penal Law of the State of New York, OFFICIAL MISCONDUCT, a class A Misdemeanor, in that the defendant, being a public servant, and with the intent to obtain a benefit, committed an act relating to his office but constituting an unauthorized exercise of his official functions, knowing that such act was unauthorized, to wit: the defendant, knowing he was not authorized to do so, used his position as a Grievance Officer in the employ of the Nassau County Sheriff's Department to privately meet, and touch the intimate parts of, Confidential Witness #1, in violation of Nassau County Sheriff's Department written policies, for the purpose of gratifying his sexual desire.

## COUNT FORTY-FOUR

On or about and between January 11, 2008 and July 7, 2008, in the County of Nassau and elsewhere in the State of New York, the defendant, MARK BARBER, did violate Section 195.00(1) of the Penal Law of the State of New York, OFFICIAL MISCONDUCT, a class A Misdemeanor, in that the defendant, being a public servant, and with the intent to obtain a benefit, committed an act relating to his office but constituting an unauthorized exercise of his official functions, knowing that such act was unauthorized, to wit: the defendant, knowing he was not authorized to do so, used his position as a Grievance Officer in the employ of the Nassau County Sheriff's Department to privately meet, and touch the intimate parts of, Confidential Witness #3, in violation of Nassau County Sheriff's Department written policies, for the purpose of gratifying his sexual desire.

## COUNT FORTY-FIVE

On or about and between October 21, 2008 and March 23, 2008, in the County of Nassau and elsewhere in the State of New York, the defendant, MARK BARBER, did violate Section 195.00(1) of the Penal Law of the State of New York, OFFICIAL MISCONDUCT, a class A Misdemeanor, in that the defendant, being a public servant, and with the intent to obtain a benefit, committed an act relating to his office but constituting an unauthorized exercise of his official functions, knowing that such act was unauthorized, to wit: the defendant, knowing he was not authorized to do so, used his position as a Grievance Officer in the employ of the Nassau County Sheriff's Department to privately meet, and touch the intimate parts of, Confidential Witness #7, in violation of Nassau County Sheriff's Department written policies, for the purpose of gratifying his sexual desire.

## COUNT FORTY-SIX

On or about October 13, 2007, in the County of Nassau and elsewhere in the State of New York, the defendant, MARK BARBER, did violate Section 195.00(1) of the Penal Law of the State of New York, OFFICIAL MISCONDUCT, a class A Misdemeanor, in that the defendant, being a public servant, and with the intent to obtain a benefit, committed an act relating to his office but constituting an unauthorized exercise of his official functions, knowing that such act was unauthorized, to wit: the defendant used his position as a Grievance Officer to arrange for an inmate, namely, Confidential Witness #1, to place a phone call to the defendant in such a manner as to hide the defendant's identity, in violation of Nassau County Sheriff's Department written policies, in order to pursue a personal relationship with said inmate.

## COUNT FORTY-SEVEN

On or about October 13, 2007, in the County of Nassau and elsewhere in the State of New York, the defendant, MARK BARBER, did violate Section 195.00(1) of the Penal Law of the State of New

York, OFFICIAL MISCONDUCT, a class A Misdemeanor, in that the defendant, being a public servant, and with the intent to obtain a benefit, committed an act relating to his office but constituting an unauthorized exercise of his official functions, knowing that such act was unauthorized, to wit: the defendant used his position as a Grievance Officer to arrange for an inmate, namely Confidential Witness #1, to place a phone call to the defendant in such a manner as to hide the defendant's identity, in violation of Nassau County Sheriff's Department written policies, in order to pursue a personal relationship with said inmate.

The subject matter of this Count being different than that contained in Count 46, above.

## COUNT FORTY-EIGHT

On or about October 15, 2007, in the County of Nassau and elsewhere in the State of New York, the defendant, MARK BARBER, did violate Section 195.00(1) of the Penal Law of the State of New York, OFFICIAL MISCONDUCT, a class A Misdemeanor, in that the defendant, being a public servant, and with the intent to obtain a benefit, committed an act relating to his office but constituting an unauthorized exercise of his official functions, knowing that such act was unauthorized, to wit: the defendant used his position as a Grievance Officer to arrange for an inmate, namely Confidential Witness #1, to place a phone call to the defendant in such a manner as to hide the defendant's identity, in violation of Nassau County Sheriff's Department written policies, in order to pursue a personal relationship with said inmate.

## COUNT FORTY-NINE

On or about and between September 7, 2007 and September 10, 2007, in the County of Nassau and elsewhere in the State of New York, the defendant, MARK BARBER, did violate Section 195.00(1) of the Penal Law of the State of New York, OFFICIAL MISCONDUCT, a class A Misdemeanor, in that the defendant, being a public servant, and with the intent to obtain a benefit, committed an act relating to his office but constituting an unauthorized exercise of his official functions, knowing that such act was unauthorized, to wit: the defendant used his position as a Grievance Officer to circumvent Nassau County Sheriff's Department polices regarding the delivery and inspection of inmate mail, and hand-deliver a letter to an inmate, namely Confidential Witness #1.

## COUNT FIFTY

On or about September 12, 2007, in the County of Nassau and elsewhere in the State of New York, the defendant, MARK BARBER, did violate Section 195.00(1) of the Penal Law of the State of New York, OFFICIAL MISCONDUCT, a class A Misdemeanor, , in that the defendant, being a public servant, and with the intent to obtain a benefit, committed an act relating to his office but constituting an unauthorized exercise of his official functions, knowing that such act was unauthorized, to wit: the defendant used his position as a Grievance Officer to circumvent Nassau County Sheriff's Department polices regarding the delivery and inspection of inmate mail, and hand-deliver a letter to an inmate, namely Confidential Witness #1.

## COUNT FIFTY-ONE

On or about and between September 18, 2007 and September 19, 2007, in the County of Nassau and elsewhere in the State of New York, the defendant, MARK BARBER, did violate Section 195.00(1) of the Penal Law of the State of New York, OFFICIAL MISCONDUCT, a class A Misdemeanor, , in that the defendant, being a public servant, and with the intent to obtain a benefit, committed an act relating to his office but constituting an unauthorized exercise of his official functions, knowing that such act was unauthorized, to wit: the defendant used his position as a Grievance Officer to circumvent Nassau County Sheriff's Department polices regarding the delivery and inspection of inmate mail, and hand-deliver a letter to an inmate, namely Confidential Witness #1.

## COUNT FIFTY-TWO

On or about and between August 16, 2007 and November 25, 2007, in the County of Nassau and elsewhere in the State of New York, the defendant, MARK BARBER, did violate Section 195.00(1) of the Penal Law of the State of New York, OFFICIAL MISCONDUCT, a class A Misdemeanor, , in that the defendant, being a public servant, and with the intent to obtain a benefit, committed an act relating to his office but constituting an unauthorized exercise of his official functions, knowing that such act was unauthorized, to wit: the defendant used his position as a Grievance Officer to circumvent Nassau County Sheriff's Department polices regarding the delivery and inspection of inmate mail, and hand-deliver a letter to an inmate, namely Confidential Witness #1.

The subject matter of this Count being different than that contained in Counts 50, 51 and 52, above.

## COUNT FIFTY-THREE

On or about and between August 16, 2007 and November 25, 2007, in the County of Nassau and elsewhere in the State of New York, the defendant, MARK BARBER, did violate Section 195.00(1) of the Penal Law of the State of New York, OFFICIAL MISCONDUCT, a class A Misdemeanor, in that the defendant, being a public servant, and with the intent to obtain a benefit a benefit, committed an act relating to his office but constituting an unauthorized exercise of his official functions, knowing that such act was unauthorized, to wit: the defendant used his position as a Grievance Officer to gain access and pass contraband to an inmate at NCCC, namely Confidential Witness #1, in order to pursue a personal relationship with said inmate.

## COUNT FIFTY-FOUR

On or about and between November 21, 2008 and February 27, 2009, in the County of Nassau and elsewhere in the State of New York, the defendant, MARK BARBER, did violate Section 195.00(1) of the Penal Law of the State of New York, OFFICIAL MISCONDUCT, a class A Misdemeanor, in that the defendant, being a public servant, and with the intent to obtain a benefit a benefit, committed an act relating to his office but constituting an unauthorized exercise of his official functions, knowing that such act was unauthorized, to wit: the defendant used his position as a Grievance Officer to gain access and pass contraband to an inmate at NCCC, namely Confidential Witness #6, in order to pursue a personal relationship with said inmate.

## COUNT FIFTY-FIVE

On or about and between April 16, 2008 and May 27, 2008, in the County of Nassau and elsewhere in the State of New York, the defendant, MARK BARBER, did violate Section 195.00(1) of the Penal Law of the State of New York, OFFICIAL MISCONDUCT, a class A Misdemeanor, in that the defendant, being a public servant, and with the intent to obtain a benefit a benefit, committed an act relating to his office but constituting an unauthorized exercise of his official functions, knowing that such act was unauthorized, to wit: the defendant used his position as a Grievance Officer to gain access and pass contraband to an inmate at NCCC, namely Confidential Witness #4, in order to pursue a personal relationship with said inmate.

## COUNT FIFTY-SIX

On or about and between October 21, 2008 and March 23, 2008, in the County of Nassau and elsewhere in the State of New York, the defendant, MARK BARBER, did violate Section 195.00(1) of the Penal Law of the State of New York, OFFICIAL MISCONDUCT, a class A Misdemeanor, in that the defendant, being a public servant, and with the intent to obtain a benefit a benefit, committed an act relating to his office but constituting an unauthorized exercise of his official functions, knowing

that such act was unauthorized, to wit: the defendant used his position as a Grievance Officer to gain access and pass contraband to an inmate at NCCC, namely Confidential Witness #7, in order to pursue a personal relationship with said inmate.

## COUNT FIFTY-SEVEN

On or about and between January 11, 2008 and July 7, 2008, in the County of Nassau and elsewhere in the State of New York, the defendant, MARK BARBER, did violate Section 195.00(1) of the Penal Law of the State of New York, OFFICIAL MISCONDUCT, a class A Misdemeanor, in that the defendant, being a public servant, and with the intent to obtain a benefit a benefit, committed an act relating to his office but constituting an unauthorized exercise of his official functions, knowing that such act was unauthorized, to wit: the defendant used his position as a Grievance Officer to gain access and pass contraband to an inmate at NCCC, namely Confidential Witness #3, in order to pursue a personal relationship with said inmate.

## COUNT FIFTY-EIGHT

On or about and between November 14, 2007 and February 3, 2008, in the County of Nassau and elsewhere in the State of New York, the defendant, MARK BARBER, did violate Section 195.00(1) of the Penal Law of the State of New York, OFFICIAL MISCONDUCT, a class A Misdemeanor, in that the defendant, being a public servant, and with the intent to obtain a benefit a benefit, committed an act relating to his office but constituting an unauthorized exercise of his official functions, knowing that such act was unauthorized, to wit: the defendant used his position as a Grievance Officer to gain access and pass contraband to an inmate at NCCC, namely Confidential Witness #5, in order to pursue a personal relationship with said inmate.

The foregoing is based on information and belief, the sources and bases of which are my investigation of this case, interviews of victims and other witnesses whose identities are known to your deponent, and a review of various papers, records and documents, including but not limited to business records of any and all New York state and local agencies mentioned herein.

FALSE STATEMENTS MADE HEREIN ARE PUNISHABLE AS A CLASS A MISDEMEANOR PURSUANT TO SECTION 210.45 OF THE PENAL LAW.

/S/
_____
Detective Investigator William Napolitano

Dated: December 30, 2009