# JON L. NORINSBERG
### ATTORNEY AT LAW
TRANSPORTATION BUILDING
225 BROADWAY
SUITE 2700
NEW YORK, NEW YORK 10007
www.norinsberglaw.com

BRONX OFFICE
5938 FIELDSTON ROAD
BRONX, NEW YORK 10471

TEL (212) 791-5396
FAX (212) 406-6890
E-MAIL: norinsberg@aol.com

JON L. NORINSBERG

JOHN J. MEEHAN

April 19, 2013

**VIA E.C.F.**
Honorable A. Kathleen Tomlinson
United States Magistrate Judge
Eastern District of New York
United States Courthouse
100 Federal Plaza, Room 944
Central Islip, New York 11722-4449

Re:   *Melissa Stamile, et al. v. County of Nassau, et al.*
      *No.10-CV-2632 (SJF) (AKT)*

      *Sondra Erdogan v. County of Nassau, et al.*
      *No. 10-CV-5837 (SJF) (AKT)*

      *Tina Bridgewood v. County of Nassau, et al.*
      *No. 10-CV-0830 (SJF) (AKT)*

Your Honor:

I represent the six named plaintiffs in the above referenced <u>Stamile</u> action brought pursuant to 42 U.S.C. § 1983. As we discussed, during the status conference held before Your Honor on April 17, 2013, I write now to respectfully oppose the County defendants' application, dated March 5, 2013, to stay of discovery in this action pending the disposition of Mr. Barber's appeal of his conviction.

Defendants argue that "the status of Mr. Barber's criminal case [] weighs heavily in favor of a stay." (Def. Ltr. at 2). However, "the Constitution ... does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings." <u>Kashi v. Gratsos</u>, 790 F.2d 1050, 1057 (2d Cir. 1986) (internal quotation and citation omitted). <u>See also</u> <u>Nosik v. Singe</u>, 40 F.3d 592, 596 (2d Cir. 1994) ("Nothing in the Constitution forbids contemporaneous civil and criminal proceedings concerning the same subject matter."). This is particularly so where, as here, Mr. Barber "is not

-1-

awaiting trial in his state criminal case but has already been convicted after trial and sentenced." Canjura v. Town of Clarkstown, et al., No.12 Civ. 1524, 2012 U.S. Dist. LEXIS 152924, *2 (S.D.N.Y. Oct. 24, 2012). Indeed, under such circumstances, "a stay would *not* be appropriate ....." (Id.) (emphasis supplied). As one Magistrate Judge explained – in language which is equally applicable here – the rationale for granting a stay is greatly diminished where, as here, the criminal trial has ended:

> The rationale behind granting a state in the [] post-indictment, pre-conviction cases is that plaintiff in the civil action is protected against undue delay because resolution of the criminal matter is imminent. Here, however, (defendant) has been tried, convicted and sentenced, and his post-trial motions have been denied. Moreover, although (defendant) has indicated that he plans to file an appeal, it is far from certain that the [appellate court] will reverse his conviction; if so, that the government will decide to retry him; and should that occur, when the retrial will take place. Tellingly, defendant has not cited any cases – nor have I found any – in which a stay of civil discovery was granted after the related criminal trial had concluded, based on the mere possibility that a successful appeal might lead to a new trial.

See In Re Terrorist Attacks on Sept. 2001, 03 MDL 1570, U.S. Dist. LEXIS 136581, *84 (S.D.N.Y. Nov. 21, 2011) (denying request for stay, and finding instead that the post-conviction status of the criminal case "weighs strongly against granting a stay")(citation omitted).

Defendants argue that the case should also be stayed because Mr. Barber's Fifth Amendment rights might be implicated. (Def. Ltr. at 2). However, as "the Supreme Court has explained, the fact that a litigant may be forced to chose between complete silence and presenting a defense has never been thought an invasion of the privilege against compelled self-incrimination." United States v. Certain Real Property and Premises, 55 F.3d 78 83, n.3 (2d Cir. 1995) (quoting Williams v. Florida, 399 U.S. 78) (internal quotation marks omitted).   Rather, "because *all* parties – those who invoke the Fifth Amendment and those who oppose them – should be afforded every reasonable opportunity to litigate a civil case fully ... courts, upon an appropriate motion, should seek out those ways that further the goal as permitting as much testimony as possible to be presented in the civil litigation, despite the assertion of the privilege." (Id. at 84) (original emphasis).

In this case, there are a number of other remedies available short of staying the civil action. First, the Court could issue a protective order to ensure that any testimony given by Mr. Barber in this proceeding could not be used against him in the criminal proceeding. See Certain Real Property, 55 F.3d at 84, n.6 ( "Courts have explored a range of approaches, including: the entry of a protective order prohibiting the use of the civil litigant's responses in any criminal proceeding in that district ..."). See also Noski, 40 F.3d at 596 (rather than issuing a stay, "a court may instead issue an appropriate protective order."); Republic Credit Corp I v. Autorino, 2001 U.S. Dist. LEXIS 14333, 2001 Wl 789310, at * 3 (D. Conn. June 1, 2001) (granting, in lieu of stay, a protective order barring

the use of the defendant's deposition response from the civil action in any criminal proceeding.).

Apart from these remedies, the Court could also order that the depositions of all other witnesses be held *prior* to Mr. Barber's deposition. Lastly, the Court could also order that all documentary discovery be completed independent of Mr. Barber's participation in same.  Thus, notwithstanding defendants' suggestions to the contrary, there are several options available the the Court short of implementing a complete stay on discovery.

In sum, plaintiffs respectfully submit that a stay is an "extraordinary remedy" which, in the absence of any compelling justification,  should not be granted. See Louis Vuitton Malletier S.A. v. LY USA, Inc. 676 F.3d 83 (2d Cir. 2010) ("[A]bsent a showing of undue prejudice upon defendant or interference with his constitutional rights, there is no reason why plaintiff[s] should be delayed in [their] efforts to diligently proceed to sustain [their] claim."). Rather,  "the interests of the court and the public are best served by the expeditious resolution of this case." In Re Bolin & Co., 2012 U.S. Dist. LEXIS 12844, *10 (D. Conn. June 27, 2012).  Indeed, "convenience of the courts is best served when motions to stay proceedings are discouraged.  The Courts must be mindful that a policy of issuing a stay solely because a litigant is defending simultaneous lawsuits would threaten to become a constant source of delay and an interference with judicial administration." U.S. Commodity Futures Trading Comm'n v. A.S. Templeton Grp, Inc., 297 F. Supp. 2d 531, 535-36 (E.D.N.Y. 2003) (internal quotations omitted).

For all of the foregoing reasons, plaintiffs  respectfully request that defendants' application for a stay of discovery should be denied.

Respectfully submitted,

Jon L. Norinsberg

cc: Amy Marion, Esq. (Via ECF)
    Steven A. Hoffner, Esq. (Via ECF)
    Joseph E. Macy, Esq. (Via ECF)
    Donna A. Napolitano (Via ECF)
    Liora M. Ben-Sorek (Via ECF)
    Paul F. Millus, Esq.  (Via ECF)
    Mark Barber  (Via First Class Mail)