UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SONDRA ERDOGAN<br><br>                              Plaintiff,<br>v.<br><br>COUNTY OF NASSAU, *ET AL*.,<br><br>                              Defendants. | SECOND AFFIRMATION OF WAYNE E. GOSNELL, JR IN FURTHER SUPPORT OF DEFENDANT MARK BARBER'S MOTION TO DISMISS<br><br>Civ. Action No. 10-cv-5837 (AKT) |
| TINA BRIDGWOOD<br><br>                              Plaintiff,<br>v.<br><br>COUNTY OF NASSAU, *ET AL*.,<br><br>                              Defendants. | Civ. Action No. 10-cv-830 (ATK) |
| MELISSA STAMILE, *ET AL*.,<br><br>                              Plaintiffs,<br>v.<br><br>COUNTY OF NASSAU, *ET AL*.,<br><br>                              Defendants. | Civ. Action No. 10-cv-2632 (ATK) |

WAYNE E. GOSNELL, JR. affirms the following to be true and correct under the penalties of perjury, except where otherwise noted:

1. I am a partner at Clayman & Rosenberg LLP, counsel to defendant Mark Barber in a limited representation in the referenced matter. I am admitted to practice law in the State of New York.

2. I submit this Affirmation in further support of Mr. Barber's motion to dismiss the complaint pursuant to Rules 12(c) and 41(b) of the Federal Rules of Civil Procedure.

3. Attached hereto as Exhibit 1 is a true and correct copy of an Order issued on January 30, 2019 by this Court in *Bridgwood v. County of Nassau, et. al.*, 10-CV-830; *Erdogan v. County of Nassau, et. al.*, 10-CV-5837; and *Stamile, et al.,v. County of Nassau, et. al.*, 10-CV-2632 (the "January Order"). Pursuant to that Order, this Court set the following motion schedule: Mr. Barber was to serve his motion to dismiss upon Nassau County on or before March 12, 2019; Nassau County was to serve it opposition to the motion on or before April 2, 2019; and Mr. Barber was to serve his reply motion upon Nassau County on or before April 18, 2019. The January Order also directed the parties not to file any motion papers on ECF until April 18, 2019 pursuant to the "bundle rule."

4. Attached hereto as Exhibit 2 is a true and correct copy of an email sent by Wayne Gosnell to Liora Ben-Sorek (and Mark Barber) on March 12, 2019 in which Mr. Gosnell served upon Ms. Ben-Sorek a copy of Mr. Barber's motion to dismiss as directed by this Court in its January Order.

5. In addition to serving Ms. Ben-Sorek with the motion by email, undersigned counsel also sent a paper copy to Ms. Ben-Sorek's attention via Federal Express. Attached hereto as Exhibit 3 is a true and correct copy of an email sent by Federal Express to Wayne Gosnell on March 13, 2019 confirming that the paper copy of the motion was delivered to Liora Ben-Sorek on March 13, 2019 at 9:49 a.m. and that "M. Merkle" at the Nassau County Attorney's Office signed for the package.

6. To date, Nassau County has failed to respond to Mr. Barber's motion to dismiss as directed by this Court in its January Order.

7. Nassau County has abandoned this action, as its most recent disregard for this Court's orders makes apparent. Nassau County's indemnification claims against Mr. Barber should be dismissed with prejudice. As set forth in our memorandum of law, Nassau County failed to prosecute this matter for almost two years by ignoring this Court's order to serve discovery demands upon Mr. Barber and his counsel in June 2016. In November 2018, after this Court directed the parties to appear, Nassau County offered no justification for its two-year abandonment of the action.

8. During the November 2018 conference, and at subsequent conferences, Mr. Barber has requested that Nassau County voluntarily dismiss its indemnification claims against him because they are moot and he is judgment-proof. Rather than concede, Nassau County made clear that it wished to continue to prosecute its indemnification claims because, in its view, doing so would have a deterrent effect on any potential future defendants. As a result, Mr. Barber was forced to file his motions.

9. To further aid Mr. Barber and the Court, undersigned counsel sought permission to modify his firm's limited representation of Mr. Barber so that we could prepare and file the motion to dismiss on Mr. Barber's behalf. In so doing, we have expended our own time and resources in researching, briefing, and filing the motion. None of that effort should have been necessary, however, since Nassau County immediately returned to its previous conduct of disregarding this Court's orders and failing to prosecute this case.

10. Now, Nassau County has ignored this Court's January Order and Mr. Barber's pending motion to dismiss. As demonstrated by Exhibits 2 and 3, Mr. Barber properly served Nassau County with a copy of his motion to dismiss on March 12, 2019. The January Order

directs Nassau County to file its response to the motion on April 2, 2019.  But Nassau County failed to do so.

11. As set forth in our memorandum of law, a court has the inherent power to treat any "noncompliance" with a court order "as a failure to prosecute" and as grounds to dismiss a complaint.  *Kizer v. Abercrombie & Fitch Co.*, 2016 U.S. Dist. LEXIS at *16 (E.D.N.Y. Aug. 5, 2016) (citations omitted).  The factors that the Court must consider are discussed at length in our memorandum of law.  (*See* Barber's Memorandum of Law at 8–12.)  The Court should also consider Nassau County's failure to respond to the motion to dismiss and its disregard of the Court's January Order as further support for Mr. Barber's motion to dismiss for failure to prosecute.  There can be no doubt that Nassau County was on actual notice that failure to comply with court orders or to respond to the motion to dismiss would result in dismissal.  Nor can there be any doubt that Mr. Barber continues to suffer prejudice by Nassau County's continual delays here.

12. In addition to dismissing Nassau County's indemnification claims with prejudice, we respectfully request that this Court direct Nassau County to pay our fees generated and costs incurred in connection with this motion.  It was only because Nassau County declined to voluntarily dismiss its indemnification claims—after initially abandoning them for more than two years—that we were forced to expend the resources necessary to file this motion.  Given Nassau County's continued disregard for this Court's orders, the circumstances warrant such a penalty.  *See, e.g. Farmer v. Hyde Your Eyes Optical, Inc.*, 2015 U.S. Dist. LEXIS62904, at * 38–*41 (S.D.N.Y. May 13, 2015).  This is particularly appropriate given Nassau County's stated reason for declining to voluntarily dismiss its indemnification claims, *i.e.* because it believed that continued prosecution of this matter would have a deterrent effect for others.  We respectfully

submit that Nassau County should be deterred from disregarding court orders and wasting the Court's, Mr. Barber's, and his counsel's time and resources by necessitating formal motion practice only to ignore the case again.

13. Attached as Exhibit 4 are true and correct copies of invoices generated by my firm in connection with the preparation and filing of Mr. Barber's motion.[1] As detailed therein, my discounted hourly rate for this matter is $500/hour. As set forth in the invoice, I expended 5.1 hours in connection with the motion, for a total billing of $2,550.00. In addition, we expended $82.36 in online research fees.

14. It is clear that Nassau County has abandoned this action and needs to be deterred from engaging in frivolous conduct going forward. For the reasons set forth above and in our previous Memorandum of Law, we respectfully request that the Court grant Defendant's motion to dismiss the complaint and direct Nassau County to pay attorney's fees and expenses in the amount of $2,632.36.

Dated:     April 18, 2019
           New York, NY

                              CLAYMAN & ROSENBERG LLP

                              By:     /s/ Wayne E. Gosnell, Jr.
                                  Wayne E. Gosnell, Jr.
                                  305 Madison Avenue
                                  New York, NY 10165
                                  T. 212-922-1080
                                  F. 212-949-8255
                                     gosnell@clayro.com

                              *Counsel for Defendant Mark Barber*
                              *(limited representation)*

---

[1] The invoice does not include time or resources expended by my firm in connection with appearances in November 2018 or January 2019 in which some of the issues raised in the motion were preliminarily researched. Nor does it include time billed to paralegals for their services in connection with the motion.

# EXHIBIT 1

# EXHIBIT 2

# EXHIBIT 3

# EXHIBIT 4